# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MU'MIN ABDULAZIZ/ASKEW,**
**ADC #082276**                                                                                    **PLAINTIFF**

**V.**                           **CASE NO. 4:20-CV-529-JM-BD**

**DEXTER PAYNE,** *et al*.                                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

### Procedure for Filing Objections

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. If the parties do not file objections, they may waive the right to appeal questions of fact.

### I.   Background

Mr. Abdulaziz/Askew, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) In his complaint, Mr. Abdulaziz/Askew claims that Defendants acted with deliberate-indifference to his safety by failing to provide him with adequate protective masks to prevent his exposure to COVID-19 and by failing to adequately test inmates at the Maximum Security Unit for

COVID-19. In addition, he complains that ADC officials threw away his grievances concerning these issues and that ADC officials have a policy or custom of throwing away any inmate grievance that raises a complaint about COVID-19.

The Court dismissed Mr. Abdulaziz/Askew's claim regarding the Defendants' failure to properly process his grievances. (Doc. No. 10) And, the Court dismissed Mr. Abdulazi/Askew's claims against the Medical Defendants. (Doc. No. 54)

The remaining Defendants (ADC Defendants) have now moved for summary judgment, contending that Mr. Abdulaziz/Askew failed to fully exhaust grievances against them before filing this lawsuit. (Doc. No. 58) Mr. Abdulaziz/Askew has responded to the ADC Defendants' motion, and it is ripe for review. (Doc. Nos. 64, 69)

## II.   Exhaustion

The Court must dismiss any claim that was not fully exhausted prior to the filing of a civil lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [detention center] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

The ADC Defendants attach the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, in support of their motion. (Doc. No. 58-2) Ms. Grigsby Brown testifies that Mr. Abdulaziz/Askew failed to fully exhaust any grievance

identifying Defendants Payne, Kelley, Graves, Byers, Jackson, Ford, Blunt, Smith, and Cloird Byers relevant to the claims raised in this lawsuit. (Doc. No. 5802 at p.4)

According to the grievance papers attached to their motion, Mr. Abdulaziz/Askew filed one grievance complaining that ADC officials failed to provide him with proper protective gear for COVID-19, grievance MX-20-750. (Doc. No. 58-3 at pp.1-2) Ms. Grigsby Brown testifies that Mr. Abdulaziz/Askew did not complete the grievance process with regard to that grievance. (Doc. No. 58-2 at p.3)

In his response to the ADC Defendants' motion, Mr. Abdulaziz/Askew declares that he fully exhausted grievance MX-20-750; and he provides the Court those grievance papers. (Doc. No. 64 at pp.10-12) While the Court agrees that Mr. Abdulaziz/Askew fully exhausted grievance MX-20-750, the undisputed evidence shows that he did not complete the grievance process until June 29, 2020. (Doc. No. 64 at p.12) He filed this lawsuit on May 18, 2020, before he completed the grievance process. (Doc. No. 2) Unfortunately for Mr. Abdulaziz/Askew, dismissal is mandatory under these circumstances.

### III. Conclusion

The Court recommends that the motion for summary judgment filed by Defendants Payne, Kelley, Graves, Byers, Jackson, Ford, Blunt, Smith, and Cloird (Doc. No. 58) be GRANTED. Mr. Abdulaziz/Askew's claims against the ADC Defendants should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies prior to filing suit.

DATED this 20th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

4